**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 1 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD EVERETT LEE GURULE,

Plaintiff - Appellant,

v.

JOHN HANLIN, Sheriff; et al.,

Defendants - Appellees.

No. 13-36051

D.C. No. 6:13-cv-01569-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Oregon state prisoner Richard Everett Lee Gurule appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

defendants were deliberately indifferent to his serious medical needs.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Hamilton v. Brown*, 630

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 889, 892 (9th Cir. 2011) (dismissed under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Gurule's action because Gurule failed to allege facts demonstrating that defendants were deliberately indifferent in diagnosing and treating his rheumatoid arthritis while he was housed at the Douglas County Jail. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard; medical malpractice, negligence, a difference of medical opinion, or a prisoner's difference of opinion with the physician regarding the course of treatment is not sufficient); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-42 (9th Cir. 2010) (the deliberate indifference standard applies to pretrial detainees because pretrial detainees' Fourteenth Amendment rights are comparable to prisoners' Eighth Amendment rights).

**AFFIRMED.**

13-36051